Filed 8/28/14  P. v. Hittle CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>THOMAS EDWARD HITTLE,<br><br>  Defendant and Appellant. | 2d Crim. No. B254312<br>(Super. Ct. No. F475061)<br>(San Luis Obispo County) |

Thomas Edward Hittle appeals from a December 4, 2013 order revoking probation and sentencing him to three years felony jail (Pen. Code, § 1170, subd. (h))[1] based on his 2012 conviction by plea to felony vandalism (§ 594, subd. (b)(1).) Following two interim probation violations in which the trial court reinstated probation, appellant was arrested for assault on an inmate and charged with a new probation violation.  The trial court, over appellant's objection, conducted the probation violation hearing in conjunction with a preliminary hearing and found appellant in violation of probation.  The court revoked probation and sentenced appellant to three years county jail with 293 days presentence credits.  Appellant was ordered to pay a $240 restitution fine (§ 1202.4, subd. (b)).

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief in which no issues were raised.

---

[1] All statutory references are to the Penal Code.

On July 3, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. On August 5, 2014 appellant responded by letter, claiming that the assault, which was the basis for the probation violation, never occurred.

The preliminary hearing transcript reflects that appellant beat an inmate, Gary Roberts, in the San Luis Obispo County Jail. Thomas Goff, the inmate next to the Robert's cell, heard punching noises and someone say, "Do you want more? Do you want more?" Goff called the jailer.

Deputy Michael Froehner responded and saw appellant punching Roberts Roberts was slumped down on the ground and bounced back and forth as appellant punched him on the head with a closed fist. The victim's face was pulverized and there was blood on the walls, the bunk, and floor. Roberts was treated for a right orbital blowout fracture, a nasal fracture, a liver laceration, and facial contusions.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

2

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Appellant.

`

No apperance for Respondent.